BENSLEY ET AL. v. McMILLAN.

1. **Pleading:** ADMISSION OF FACT. An allegation in the petition not denied in the answer is to be taken as true.

2. ——: ——: REPLEVIN. In an action of replevin against an officer an allegation in the petition that, prior to the commencement of the action, the plaintiff caused to be served upon the defendant a notice that he was the owner of the property, is not put in issue by a denial of unlawful detention.

*Appeal from Montgomery Circuit Court.*

FRIDAY, OCTOBER 25.

ACTION of replevin. There was a verdict and judgment for

defendant. Plaintiffs appeal. The facts of the case are stated in the opinion.

*Hewitt & Richards*, for appellants.

*Edward Hayes, A. Beeson* and *R. W. Beeson*, for appellee.

BECK, J.—I. The petition claims to recover the possession of a quantity of corn alleged to be the property of plaintiffs.

1. PLEADING: admission of fact.

The cause of detention is shown to be the seizure of the corn by defendant, upon an execution issued upon a judgment against one Somes. It is averred "that prior to the commencement of this suit plaintiffs caused to be served upon the defendant a written notice, notifying him that they were the owners of the property."

The answer admits that the defendant, as sheriff, seized and holds the property as alleged in the petition. It denies plaintiffs' ownership and right to the possession of the corn, and that defendant wrongfully detains the property. There is no denial of the allegation of the petition in regard to the service of the notice upon defendant of plaintiffs' claim of ownership of the property. An affidavit for a continuance, setting out that plaintiffs proposed to prove by an absent witness the fact that a written notice was given, informing defendant that plaintiffs were the owners of the property, was filed, and defendants admitted the witness would, if present, testify to the facts contained therein. The part of the affidavit relating to the contents of the notice was excluded from the jury at the trial. This left the case without any evidence upon the subject of the contents of the written notice.

The court instructed the jury that to justify a verdict for plaintiffs the jury must find a written notice of plaintiffs' ownership of the property was served upon defendant before the commencement of the action.

This instruction is erroneous. The allegation of the petition upon the subject of the notice was not denied; it there-

fore stood as admitted, and there was no issue to which the instruction was applicable.

The defendant's counsel insist that the issue involving defendant's unlawful detention of the property, and plaintiffs' right to its possession, covered the notice, for the reason that it determined the right to prosecute the action. This position is answered by the consideration that the notice is a fact alleged in the petition, from which the conclusion of plaintiffs' right to bring the action is reached. The *fact* should be put in issue by denial thereof, not by the denial of the conclusion. All material and pertinent facts pleaded in the petition are admitted, if not denied. The fact of notice is of this character. In the absence of a denial it stood as admitted.

II. Other questions raised by plaintiffs' counsel, involving the ruling of the court in excluding a part of the affidavit for a continuance, as stated above, and the exclusion of other evidence, need not be considered, as they will not necessarily arise upon a re-trial of the case.

For the error above pointed out the judgment of the court below is

REVERSED.